UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ANGELA L. RUSSELL; as wife and next of kin of CHRISTOPHER A. RUSSELL, deceased; and ANGELA L. RUSSELL, individually, <br><br>   Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS COMPANY; a/k/a GENERAL MOTORS LLC; and CHEVROLET OF MORRISTOWN, LLC, <br><br>   Defendants. | Case No.: _____ |

## NOTICE OF REMOVAL

GENERAL MOTORS LLC ("GM LLC"), incorrectly named as "General Motors Company a/k/a General Motors LLC," pursuant to 28 U.S.C. §§ 1332 and 1441, hereby removes this action from the Cocke County Circuit Court of Tennessee at Newport to the United States District Court for the Eastern District of Tennessee. In support, GM LLC states as follows:

1. The plaintiff is and was at all relevant times a citizen of Parrottsville, Tennessee. Compl. ¶ 1.

2. GM LLC is and was at all relevant times a single member limited liability company organized under the laws of Delaware and with its principal place of business in Michigan. GM LLC's sole member is a limited liability company, General Motors Holdings LLC, which is organized under the laws of Delaware and with its principal place of business in Michigan. General Motors Holdings LLC, in turn, is 100 percent owned by General Motors Company, a corporation organized under the laws of Delaware with its principal place of

business in Michigan.  For purposes of diversity citizenship, GM LLC is a citizen of Delaware and Michigan.

3. Chevrolet of Morristown, LLC is incorporated in, and has its principal place of business in, Tennessee.  Without waiving any defenses, Chevrolet of Morristown hereby consents to removal of the case to Federal Court.

4. The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.  The plaintiff seeks judgment in the amount of $5,000,000.  Compl. ¶ 19.

5. There is complete diversity of citizenship because Chevrolet of Morristown is fraudulently joined and its citizenship is to be ignored.  *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994).  Fraudulent joinder exists when a plaintiff cannot plausibly state a claim against non-diverse defendants under state law.  *Walker v. Phillip Morris USA, Inc.*, 443 Fed. Appx. 946 (6th Cir. 2011).  If the plaintiff cannot plausibly recover against Dealer, Dealer is fraudulently joined and its citizenship should be ignored.  Therefore, "'the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'"  *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 319 F.2d 172, 176 (5th Cir. 1968)).

6. The plaintiff sued for alleged defects in a 2014 Chevrolet Silverado.  She specifically alleges that the defects that existed when the vehicle left Chevrolet of Morristown were present when the vehicle left GM LLC's hands.  Compl. ¶ 9.  She specifically alleges that the vehicle was in the same condition when it left the hands Chevrolet of Morristown as it was in when it left the hands of GM LLC.  *Id.*  She recognizes that GM LLC was the designer and manufacturer of the vehicle, *id.* ¶ 11(a) and that Chevrolet of Morristown was merely the seller. *Id.* ¶ 12.

7. Tennessee's Products Liability Act, under which the plaintiff sues, was intended to insulate mere sellers from liability for defects that are intrinsic to the vehicle itself. Under that Act,

> N<u>o</u> products liability action, as defined in § 29-28-102, shall be commenced or maintained against any seller, other than the manufacturer, <u>unless</u>:
>
> 1. The seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the alleged harm for which recovery of damages is sought;
> 2. [The seller] [a]ltered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought;
> 3. The seller gave an express warranty as defined by title 47, chapter 2;
> 4. The manufacturer or distributor of the product or part in question is not subject to service of process in this state and the long-arm statutes of Tennessee do not serve as the basis for obtaining service of process; or
> 5. The manufacturer has been judicially declared insolvent.

Tenn. Code Ann. § 29-28-106 (emphasis added).

8. According to the Complaint, Chevrolet of Morristown is a "seller." Plaintiff cannot state a plausible claim under the Act because Chevrolet of Morristown does not fall within one of those five exceptions.

9. The plaintiff has not alleged that Chevrolet of Morristown exercised substantial control over any aspect of the design, testing, manufacture, packaging or labeling of the 2014 Chevrolet Silverado, nor has she alleged that Chevrolet of Morristown exercised substantial control over any aspect of the design, testing, manufacture, packaging or labeling of the airbag in the 2014 Chevrolet Silverado. On the contrary, she specifically alleged that GM LLC was the designer and manufacturer and that Chevrolet of Morristown sold the product in the same condition that the product was in when Chevrolet of Morristown got it. Compl. ¶ 9.

10. The plaintiff does not allege the Chevrolet of Morristown altered or modified the vehicle or the airbag in any manner. Rather, the plaintiff specifically states that Chevrolet of

3

Morristown did <u>not</u> modify the vehicle, and that the vehicle was in "substantially the same condition at the time of the accident as when first sold by GENERAL MOTORS [LLC] and CHEVROLET OF MORRISTOWN, LLC." *Id.*

11. The plaintiff does not and cannot allege that Chevrolet of Morristown gave an express warranty that the airbag would deploy under the particular conditions of the decedent's crash, which had not happened yet and could not have been predicted by Chevrolet of Morristown. Although no declaration is needed, GM LLC attaches as **Exhibit A**, out of an abundance of caution, a declaration affirming that no such warranty was made.

12. The plaintiff does not and cannot allege GM LLC is not subject to service of process in Tennessee. GM LLC, the manufacturer of the 2014 Chevrolet Silverado, admits that it is subject to service of process in Tennessee.

13. The plaintiff does not and cannot allege that GM LLC has been judicially declared insolvent.

14. Because the plaintiff's claims against Chevrolet of Morristown are barred by Tennessee Code Section 29-28-106, there is no set of facts under which the plaintiff could plausibly recover against Chevrolet of Morristown. Therefore, Chevrolet of Morristown was fraudulently joined and its citizenship is to be ignored for purposes of determining whether complete diversity exists between the parties. *See Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999).

15. This Notice is timely because it was filed fewer than 30 days from September 12, 2017, which is the date on which GM LLC received a copy of the Complaint by service.

16. Venue is proper here because Cocke County, in which the state action was filed, is within this division.

17. In accordance with 28 U.S.C. § 1446(a), true copies of all pleadings filed to date in this action by any party are attached hereto as **Exhibit B**. The Clerk of Court from which the action is removed has been served with a copy of the Notice of Removal.

18. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served by U.S. mail on counsel for Plaintiff, and a Notice of Filing of Notice of Removal is being filed with the Cocke County Circuit Court, Tennessee. A copy the Notice of Filing Notice of Removal is attached as **Exhibit C**. The necessary filing fees have been paid simultaneously with the filing of the Notice of Removal.

Dated: October 12, 2017

By: /s/Brady Cody
LEWIS THOMASON KING KRIEG
& WALDROP, P.C.
Mark Castleberry (BPR #024353)
Direct: (865) 541-5282
mcastleberry@lewisthomason.com
Brady Cody (BPR #035085)
Direct: (865) 541-5235
bcody@lewisthomason.com
One Centre Square, Fifth Floor
620 Market Street
Knoxville, Tennessee 37902

SPENCER SHUFORD LLP
Christopher C. Spencer (*awaiting pro hac vice admission*)
Direct: (804) 285-5220
cspencer@spencershuford.com
Christina M. Dwyer (*awaiting pro hac vice admission*)
Direct: (804) 285-5226
cdwyer@spencershuford.com
6806 Paragon Place
Suite 200
Richmond VA 23230
Fax: (804) 285-5210

*Counsel for General Motors LLC*

5

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October 2017, a copy of the foregoing Notice of Removal was filed electronically. I further certify that a true copy of this document was sent via first class mail, postage prepaid, on this 12th day of October 2017 to:

>BREWER & TERRY, P.C.
>Gary E. Brewer
>Direct: (423) 587-2730
>swterry@usit.net
>1702 W. Andrew Johnson Hwy.
>Morristown, TN 37816-2046
>Fax: (423) 585-0427
>
>*Counsel for Plaintiffs*

/s/Brady Cody
Brady Cody (BPR #035085)